*878 MEMORANDUM BX THE COURT
This case has already been before this court and the Supreme Court and the identical questions have been considered and decided by both courts. The matters for the determination of. the court in the original case (40 C. Cls. 252; 202 U. S. 101) were the amounts, principal and interest, due the Cherokee Nation and the Eastern and Eastern Emigrant Cherokees under the Slade and Bender account, and those matters were finally settled and determined on March 15, 1910, by payment.
The court is now asked to settle the same question on a different basis, and by using a different rate of simple in *879 terest and compounding tbe same from March 4, 1895. The court is now asked to consider the agreement of December 19, 1891, as a hard and fast contract to apply a five per cent rate to all of the items found due on March 4, 1895. In order to do this the court is asked to find that the five per cent interest promised by the Government to the Cherokees in paragraph 6 of the agreement of 1891, “ so long as the money or any part” remained in the Treasury, related to the money found due in the Slade and Bender account, as well as to the cash payment of $8,595,736.12 — a matter open to doubt with the weight of reason against such construction. The court is asked further to find that the failure of Congress to appropriate the payment of principal and interest called for by the Slade and Bender account amounted to a breach of contract that rendered the United States liable for the whole amount, principal and interest; and this, too, in the face of the proviso in the sixth paragraph of the agreement of 1891, “ That nothing contained in this agreement shall have the effect to limit or impair any rights whatever the Cherokee Nation has in or to or over the lands herein ceded until it shall be so ratified by Congress: And provided further, That if this agreement shall not be ratified by Congress, and the appropriation of money, as herein provided for, made on or before March 4,1893, it shall be utterly void.”
The agreement of December 19, 1891, was ratified by the act of March 3, 1893, and part of the money consideration for the cession of the Cherokee outlet, $295,736 of the $8,-595,736.12, was appropriated and the Secretary of the Interior was authorized to contract for the payment of the balance of $8,300,000. An appropriation of $5,000 was also made for the employment of experts to render a complete account of moneys due the Nation by the United States under the direction of the Secretary of the Interior. It was under this provision that the Slade and Bender account was rendered. This clearly shows that the five per cent interest did not relate to the money due under the Slade and Bender account provided for in a separate and distinct paragraph, but only to the $8,500,000 cash payment for the “ Outlet.”
*880 The Supreme Court, in affirming this court, said that “ the question of interest was a subject of difference while the negotiations were carried on, the determination of which was provided for in the £ treaty itself ’ in 1846, and in the ‘ agreement itself’ in 1891, and is the same in principle as in the case of the Old Settlers.” The Supreme Court said that the question as to the amount of recovery and the different questions involved had been left to the Court of Claims and that the case had been properly decided. 202 TJ. S. 126-132.
The court is now asked to construe the jurisdictional act as requiring it to decide the case again on a different basis from its original determination. The law stood then as it stands now. The agreement of December 19, 1891, on which the plaintiff bases its present claim, was considered by the Supreme Court, in reaching its determination as to interest. United States v. Klein, 13 Wall. 128, 146.
Petition is dismissed. It is so' ordered.